**Timothy BARRETT, Jr., Plaintiff,**

v.

**Robert W. ROBINSON et al.,
Defendants.**

**Civ. A. No. 71–1650.**

United States District Court,
E. D. Pennsylvania.

Feb. 6, 1974.

---

Herbert Monheit, Monheit & Rosenfield, Philadelphia, Pa., for plaintiff.

Joseph W. Fullem, Jr., Bennett, Bricklin & Saltzburg, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BRODERICK, District Judge

The plaintiff, Timothy Barrett, Jr., was injured as the result of an accident on February 16, 1971 at the Latham Hotel, which is owned and operated by the defendants. The parties agreed to a non-jury trial of the damage portion of the case after the jury found that the defendants were liable at a trial of the liability issue.

On the night of February 15, 1971 the plaintiff attended a wedding reception at the Latham Hotel, located in Philadelphia, Pennsylvania. In the early morning hours of February 16, 1971 he fell to the ground from an outside balcony at the rear of the hotel. The plaintiff was discovered approximately two hours after the fall and was taken to Graduate Hospital by the police, where he remained hospitalized until February 27, 1971.

The hospital records at Graduate Hospital reveal that Dr. Kline, a resident, examined the plaintiff upon his admission and diagnosed his injuries as a tri-malleolar fracture of the left ankle and fractures of the distal left tibia and fibula (NT 4, 7, 8, 12, 13). Surgery was performed by Dr. Leonard Klinghoffer, an orthopedic surgeon, assisted by Dr. Kline. (NT. 13). The surgical procedure consisted of an open reduction with fixation maintained by the use of permanent metallic screws and Kirschner wires. (NT. 10). Dr. Herman Poppe testified that on February 14, 1973, about two years after the accident, he examined the plaintiff, who complained of intermittent pain in the left ankle which he had fractured in the fall. (NT. 34). Dr. Poppe also testified that the plaintiff complained of increased amount of pain during weather changes, particularly during damp or cold weather, and that standing or walking for any length of time was difficult. (NT. 5). Dr. Poppe further testified that the fracture of the distal left tibia had healed and that the fracture of the distal left fibula was incompletely healed in that there was a three millimeter separation at its apex and that there was limitation of both dorsiflexion and plantar flexion of the left ankle. (NT. 5, 6, 7). Dr. Poppe said that recent x-rays showed that the bone structures in the left ankle joint had dimineralized as a result of the limitation in motion. (NT. 7). Dr. Poppe stated that all of these conditions were proximately caused by the accident and that the plaintiff has reached the peak of his rehabilitation and that he will experience periods of swelling and pain in the future. (NT. 11, 12). It was stipulated that Dr. Poppe's bill in the amount of $35 was reasonable. (NT. 12).

Dr. Richard Kaplan, an orthopedic surgeon who had examined the plaintiff at the request of the defendant, was called to the stand by the plaintiff without objection. (NT. 39). Dr. Kaplan testified that x-rays taken by Dr. Magilner at his request showed evidence of arthritic changes in the left ankle joint but stated that he did not diagnose these changes as post-traumatic arthritis. He concluded, however, that the changes might be progressive. (NT. 43).

The plaintiff, Timothy Barrett, Jr., testified that prior to the accident he had been employed as a truck driver with Interstate Motor System since 1956. He said that he was found in a

semiconscious state after his fall and was taken to Graduate Hospital by the police, where surgery was performed. After the operation he was required to wear a cast for three months, during which perior he lost fifteen weeks from work. (NT. 36). In June 1971 he returned to work but was unable to perform the tractor-trailer driving duties that he previously performed at Interstate because the use of the clutch bothered his left ankle. (NT. 30). However, he was now performing other duties at Interstate at the same rate of pay he received as a tractor-trailer driver. (NT. 31). Since January 1972 his duties at Interstate have been limited to making deliveries in a small truck which, although loaded by other persons, he must unload himself, discharging between 5000 and 8000 pounds per day. (NT. 32). Mr. Barrett also testified that although he has tried to work every day since his return he has been unable to do so because of his ankle. (NT. 36). He further stated that he usually experiences slight swelling and aches in his left ankle in the mornings when he awakens. (NT. 36, 37). He also complained that the left ankle occasionally goes out from under him and seems to be getting worse instead of better. (NT. 37). Mr. Barrett is now forty years of age and has a life expectancy of 31.8 years according to the United States Life Tables. (NT. 26).

One other witness at the trial on damages was Ralph E. Getz, the Terminal Manager for *Interstate Motor Freight System*, who verified that Mr. Barrett had lost fifteen weeks from work immediately after the accident. (NT. 21). Mr. Getz also testified that Mr. Barrett would have earned $2940 at his regular rate of pay during this fifteen week period and that he would have averaged six to nine hours of overtime per week at $7.35 per hour. (NT. 21–24).

The plaintiff's hospital bills from the Graduate Hospital total $1670.94.

The defendants introduced no evidence.

Based upon the evidence submitted, which we have outlined above, the Court finds that the plaintiff, Timothy Barrett, Jr., still suffers from a limitation of motion in his ankle as a proximate result of the accident, and the injury to his ankle is reasonably certain to be permanent. Mr. Barrett continues to have intermittent pain and swelling in his left ankle and is reasonably certain to suffer pain, discomfort and swelling in the future as a proximate result of the accident.

The Court finds that plaintiff is entitled to recover the sum of $15,000 to compensate him for his pain, suffering, mental anguish, inconvenience, and loss of well-being which he has suffered in the past and is reasonably certain to suffer in the future as a proximate result of the accident.

The Court further finds that the reasonable value of the plaintiff's hospital care at Graduate Hospital shown to have been required as a proximate result of the accident is $1670.94. The Court also finds that the reasonable value of Dr. Poppe's examination is $35, as stipulated by the parties.

The Court finds that the plaintiff was reasonably certain to have earned $2940 his regular rate of pay of $196 per week plus $600 overtime during his fifteen week period from work, as a proximate result of the accident. There was no claim for future loss of earnings. (NT. 2).

This Memorandum and Order shall constitute the Court's findings of fact and conclusions of law, pursuant to Rule 52(a), Federal Rules of Civil Procedure